OPINION OF THE COURT
Edward M. Horey, S.
The proceeding before the court is an appeal by the State Tax Commission, taken in reference to New York estate tax return filed in the estate of Wilma E. Watson.
Under the terms of her will, the decedent made five bequests totaling $35,000 to five separate cemeteries. The name *329 of the legatee-cemeteries and the amount of their respective bequests is as follows:
East Otto Cemetery Association $2,000
Lore Cemetery Association (Incorporation
name: New Albion Lore Cemetery Association) 2,500
Tug Hill Cemetery Association (Incorporation name: New Albion Cemetery
Association) 2,500
Little Valley Cemetery Association
(Incorporation name: Little Valley Rural Association) 10,000
Liberty Park Cemetery Association 15,000
The bequests to the named cemeteries were without restriction or limitation on use and enjoyment. There was only a precatory request that these bequests be received in memory of the decedent’s mother and father and of the decedent.
A deduction claimed for the five bequests to the cemeteries on the decedent’s Federal estate tax return has been disallowed by the Internal Revenue Service. Citing the action taken by the Internal Revenue Service as decisive of the nondeductibility of the bequests on the decedent’s New York estate tax return, the New York State Tax Commission has filed this appeal urging an adjudication that the claimed deductions be disallowed.
It has been stipulated that each of the five cemetery-legatees is a corporation. The incorporation of each cemetery was effected prior to August 11, 1975. Each corporation falls within the provisions of the Not-For-Profit Corporation Law of the State of New York.
The question presented is whether or not the bequests to five cemeteries, not religiously affiliated, but operating under the Not-For-Profit Corporation Law of this State, are allowable deductions from the gross estate of decedent’s New York estate tax return.
Statutory provisions referable to the imposition of a New York estate tax are found in article 26 of the Tax law, sections 951 and 963 inclusive. In enacting the provisions of that article, the court finds it clear that the Legislature intended to continue an established policy of interrelating its estate tax provisions with those of Federal estate tax law "as nearly as possible”. (See NY Legis Ann, 1954, pp 296-297.)
In contrast to Federal estate tax law, wherein statutory *330 provisions set forth particular allowable deductions, the deductions allowable for estate tax in New York are not specified, but are embraced in one general reference statute.
Section 955 of the tax Law provides in relevant part that: "New York estate tax deductions for the estate of a deceased resident mean the deductions from his federal gross estate allowable in determining his federal taxable estate under the internal revenue code (whether or not a federal estate tax return is required to be filed)”.
Section 961 of the Tax law, entitled "Effect of federal determination” is relevant to the question posed. That statute provides in part: "(a) General — a final federal determination as to * * * (2) The allowance of any item claimed as a deduction from the federal gross estate * * * shall also determine the same issue for purposes of the tax under this article unless such fínal federal determination is shown by a preponderance of the evidence to be erroneous. ” (Emphasis added.)
Read together, this court construes sections 955 and 961 of the Tax Law to provide that if there is a deduction specifically allowed under a provision of the Federal Internal Revenue Code, then, through inclusion by reference, the particular Federal statute becomes a statute of the State of New York. However, if there is no particular provision of the Internal Revenue Code clearly and unequivocally providing for or disallowing a deduction and the allowance or disallowance of a deduction is by "a decision by the tax court or a judgment, decree or other order by any court of competent jurisdiction which has become final” (Tax Law, § 961, subd [b], par [1]), then in such instance, the Federal judicial determination is binding on the courts of this State, unless the Federal determination is shown to be erroneous by a preponderance of the evidence.
The court concludes that there is no existing provision of the Internal Revenue Code (IRC) that clearly provides that a bequest to a cemetery corporation is or is not an allowable deduction for Federal estate tax purposes. Both the attorney for the petitioner, State Tax Commission, and the attorney for the estate, concede that the only applicable provision is section 2055 (subd [a], par [2]) of the Internal Revenue Code (US Code, tit 26, § 2055, subd [a], par [2]). That section authorizes a deduction from the Federal gross estate in the following general terms, to wit: for a bequest "to or for the use of any *331 corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes”.
In 1976, the United States Court of Appeals, Second Circuit, construed the provisions of section 2055 (subd [a], par [2]) of the Internal Revenue Code as those provisions related to bequests to cemetery corporations. By a two to one decision, Anderson, J., filing a well-reasoned and dissenting opinion, the court in Child v United States, 540 F2d 579), held the bequests to a nonprofit cemetery corporation were not bequests to an organization operated exclusively for charitable purposes within the meaning of section 2055 (subd [a], par [2]) of the Internal Revenue Code. Accordingly, the court disallowed the claimed deduction.
The attorney for the State Tax Commission urges that the decision in Child v United States is decisive of the issue posed on this appeal. This court does not agree with that conclusion. In the opinion of the court, the decision in Child v United States determined only that a bequest to a nonprofit cemetery corporation did not qualify as a deduction for Federal estate tax purposes. The decision did not purport to be decisive of the allowance of such a bequest for New York estate tax purposes.
The court holds that the allowance or disallowance of the subject deduction in this State depends upon whether the determination of Child v United States (540 F2d 579, supra) made by the Federal Circuit Court of Appeals is shown by a preponderance of the evidence to be inimical to the laws of this State.
Absent any applicable statutory provisions in the Tax Law of this State, and absent any determinative statutory provisions under the Internal Revenue Code, which through inclusion by reference become statutory law of this State, the status of New York law on the issue of deductibility of bequests to cemeteries for New York estate tax purposes must be otherwise determined.
As a sovereign with attendant power to tax, the State of New York is free to grant or disallow deductions and exemptions from tax. Such action is legislative in nature. To determine the intent of the Legislature of New York on the issue, it is appropriate to look to the enactments of the New York Legislature relative to cemeteries.
EPTL 8-1.5 deals specifically with dispositions of property in trust for cemetery purposes. Bequests for such purposes are *332 considered "honorary trusts”. (See 98 Rohan, NY Civ Prac, par 8-1.5 [2].)
EPTL 8-1.5 specifically provides that bequests to cemeteries "shall be deemed for charitable and benevolent purposes.” Clearly, this statute is an unequivocal expression of legislative intent. It is contained in a statute designed by the Legislature to classify the nature of such bequests.
Subdivision (d) of section 1401 of the Not-For-Profit Corporation Law provides: "A cemetery corporation is a Type B corporation”.
Subdivision (b) of section 201 of the Not-For-Profit Corporation Law defines a type B corporation as follows: "a not-for-profit corporation of this type may be formed for any one or more of the following non-business purposes: charitable, educational, religious, scientific, literary, cultural or the prevention of cruelty to children or animals.” (Emphasis added.) Since the very purpose of a cemetery eliminates it from the stated classifications of "educational, religious, scientific, literary, cultural or the prevention of cruelty to children or animals”, it follows by elimination that its purpose under the Not-For-Profit Corporation Law is "charitable”.
Further expression of legislative intent is found in those provisions of EPTL 8-1.5 where an express power is given by the Legislature to the Judiciary to determine the reasonableness of a disposition given for purposes of perpetual care, maintenance, improvement or embellishment of cemeteries or private burial lots in cemeteries. A more expansive grant of judicial discretion indicative of legislative intent is found in EPTL 8-1.1 (subd [e]) which authorizes the Judiciary to prohibit or limit a disposition for religious, charitable, educational or benevolent purposes irrespective of directions found in the trust instrument. These two statutes are authorization from the Legislature to the courts of this State to limit the use of bequests to cemeteries to reasonable and charitable purposes, even in the instance where the trust instrument might provide to the contrary.
Section 1501 of the Not-For-Profit Corporation law provides even keener insight into the intent of our Legislature concerning the formation and operation of cemeteries such as are here in issue. It verbalizes the State’s interest in cemetery associations as follows: "The people of this state have a vital interest in the establishment, maintenance and preservation of public burial grounds and the proper operation of the *333 corporations which own and manage the same. This article is determined an exercise of the police powers of this state to protect the well-being of our citizens, to promote the public welfare and to prevent cemeteries from falling into disrepair and dilapidation and becoming a burden upon the community, and in furtherance of the public policy of this state that cemeteries shall be conducted on a non-profit basis for the mutual benefit of plot owners therein.”
Further, note is made by the court of the following quoted statement made by the Director of Division of Cemeteries of the Department of State of the State of New York in a letter dated March 23, 1978 referable to the five cemeteries in question:
"All five of the above listed cemeteries fall under the jurisdiction of this Division and operate under the Not-for-Profit Corporation Law of New York State as well as other related statutes and rules.
"Based on past experiences, this type of cemetery is continually granted a federal tax exemption number by the U.S. Tax Department, as well as a sales tax exemption number by the New York State Tax Department. Unrestricted gifts to such cemeteries are also treated as a legitimate income tax deduction, under charitable contributions, by the Internal Revenue Service. Local sewer and water districts, from New York City to Buffalo, recognize the tax exempt status of such cemeteries by granting assessment exemptions.”
In the opinion of the court the cited statutory law and the construction given that law indicates clearly an intent on the part of the New York State Legislature that the cemeteries operating under the Not-For-Profit Corporation Law of this State, are considered charitable in nature.
Recently established tests of charitable purpose are relevant. In Dulles v Johnson (273 F2d 362, cert den 364 US 834), it was held that bequests to the New York County and City Bar Associations were deductible for the purpose of Federal estate tax. The basis on which the deductibility was authorized by the court was stated as follows (supra, p 366): "If these activities [regulation of unauthorized practice of law] were not undertaken by the Associations, the cost of this necessary regulation would descend upon the public. Hence, we conclude that as to regulation of the unauthorized practice of law, the Assocation must be deemed 'charitable.’ ”
The court applies the test of charitable purpose, viz.,: saving *334 the general public cost and expense found in Dulles v Johnson to the case at bar. In so doing, note is made first, that each of the five cemeteries in issue are located in townships in Cattaraugus County. Note is next made that section 291 of article 17 of the Town Law of this State provided, generally, that in the absence of sufficient funds the cost of preservation and maintenance of cemeteries, such as here in issue, must be incurred by the town and in turn levied as a charge on the taxpayers. Clearly the bequest made by the decedent to the subject cemeteries absorbs a burden which might otherwise be reflected in taxes or assessments.
As to judicial determinations, this court has not found any decisional law that determines any legislative intent contrary to that manifested in the statutory law previously noted and quoted.
Turning to the decision in Child v United States 540 F2d 579, supra), it is clear that the point upon which the Circuit Court of Appeals disallowed a bequest to a cemetery for Federal estate tax purposes was the failure of proof that the subject cemetery did not operate at a profit, and, in turn, the absence of proof that the subject cemetery operated exclusively for charitable purposes.
In the case at bar, it is clear that the five cemeteries in question cannot operate for profit and must operate for charitable purposes. These are the requirements of the Not-For-Profit Corporation Law under which they are created and under which their operations are controlled. The courts of the State are given the authority to enforce the restrictions of the statute.
Craig v Commissioner of Internal Revenue (11 BTA 193, 200), has been noted in support of the disallowance of the claimed deduction. In that case the Tax Court stated: "from the first revenue act to the last, Congress has consistently and persistently placed charitable and religious institutions in one class and cemeteries not operated for gain in a separate and distinct class”. On that basis, the court held that a bequest to a cemetery association was not a deductible gift to a charity for Federal estate tax purposes. The action did not purport to determine deductibility for New York estate tax purposes.
Since it is conceded that in adopting the Tax Act of 1956, Congress has now permitted gifts to cemeteries to be appropriate deductions for Federal income tax purposes as contrasted with Federal estate tax purposes, the quoted statement of *335 persistent and consistent separation by Congress of gifts to cemeteries from gifts for other charitable purposes is wholly inaccurate. But whatever may be said of the division of charities as made by Congress, the same cannot be said of the New York State Legislature. The statutory law of this State is clear that not-for-profit cemeteries are consistently and without discovered exception joined with other enumerated charities. The court regards this difference as significant.
The decision of the Circuit Court of Appeals entitled Matter of Gund v Commissioner of Internal Revenue (113 F2d 61), again determining that a gift to a cemetery was not deductible for Federal estate tax purposes is distinguishable on the same basis as Craig v Commissioner (supra). The decision there did not determine deductibility under New York Tax Law and the basis of the disallowance of bequests to cemeteries for Federal estate tax purposes, to wit: the separation by Congress of religious and charitable institutions in one group and not-for-profit cemeteries in another is nonexistent in this State.
An unofficially reported decision entitled Matter of Dorman (NYLJ, April 4, 1944, p 1311, col 2) and determined by Surrogate Court of New York County is not authority for the disallowance of the deductions in the case at bar. In fact, it supports the conclusion that the five cemeteries here in issue are true charities. In refusing to hold that a bequest to a cemetery was a charitable bequest under the New York Tax law as it then existed, Surrogate Delehanty said that to make such a bequest a charitable one, it would be necessary to make a showing (not there present) that a cemetery measured up to the standards of a true charity. The decision by the learned Surrogate was made prior to the enactment of the current Not-For-Profit Corporation Law which prohibits cemeteries incorporated thereunder from operating for profit and requires their operation for charitable purposes. It was also decided prior to the enactment of the previously cited provisions of the EPTL which specifically classifies gifts to cemeteries as gifts for charitable and benevolent purposes.
While common sense, logic and reasoning often appear-to be forgotten tools in determining tax statutes, this court is, nevertheless, constrained to employ them on one remaining point in issue. On oral argument and in their briefs, both counsel for the Tax Commission and for the estáte, concede that if the five bequests in issue had been made to cemeteries having a religious affiliation, they would be considered appro *336 priate charitable deductions, not only for Federal estate tax purposes, but also under the tax laws of New York.
If the purpose of a cemetery is to be a repository for the dead, and in the judgment of this court, that is its purpose, then the allowancce of the deduction in the instance of a religiously affiliated cemetery and the denial of the deduction in the instance of a nonreligiously affiliated cemetery is completely irrational. On such predicate a bequest to the Arlington Memorial Cemetery giving final shelter to our hallowed dead veterans would be nondeductible, in contrast to the deductibility of a bequest to a cemetery having appended to it the name of some obscure Saint.
Religiously affiliated and nonreligiously affiliated cemeteries are indistinguishable in purpose and function.
To make religious affiliation a point of demarcation for the charitable aspects of a cemetery is to assert a distinction without a difference. It is discriminatory as well as unreasoning. More important, in the judgment of the court, it represents a denial of equal protection of the laws contrary to the provisions of Federal and State Constitutions.
The court finds that all relevant evidence indicates that the New York Legislature intended that not-for-profit cemeteries operating in this State were intended to be charitable in nature.
It is incongruous to believe that the Legislature intended them to be charitable for all purposes except for the purpose of estate tax. There is no evidence cited or discovered that indicates such a result was to obtain.
Not only the preponderance, but all of the evidence cited and discovered is to the contrary. Accordingly, the court holds that the bequests of the decedent to the five named cemeteries are appropriate and proper deductions from the gross estate of the decedent’s New York estate tax return.